

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**Case No.** CV 04-5588-GAF        **Date:** December 20, 2004

**Title:** Avanesova v. Housing Authority of the City of Los Angeles, et al.

### The Honorable Gary Allen Feess, Judge

*Debra L. O'Neill for*

_____Marilynn Morris_____        _____None Present_____
**Courtroom Deputy Clerk**            **Court Reporter**

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:
None Present                      None Present

> DOCKETED ON CM
>
> DEC 2 2 2004

**PROCEEDINGS:** (In Chambers)

### RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiff moves for summary judgment on multiple claims against the two defendants – City of Glendale and the Housing Authority of the City of Los Angeles (HACLA). Because Plaintiff properly moved her residence to the City of Glendale, and because she has been denied benefits established under 42 U.S.C. §1437f, the Court **GRANTS** the motion for summary judgment against Glendale on the First and Seventh Claims for Relief. The remainder of the motion is **DENIED.**

### A. BACKGROUND FACTS

The following facts are undisputed or without substantial controversy.

In late 2002 or early 2003, Plaintiff applied to the Housing Authority of the City of Los Angeles (HACLA) for benefits under federal law administered by and funded to local public housing authorities (PHA) through the United States Department of Housing and Urban Development. In February 2003, she was approved for the program and received a voucher to give to a prospective landlord as proof of her eligibility. Three months later she sought, under applicable federal regulations, to transfer her voucher to the Glendale PHA. Glendale received her request, re-certified her eligibility, approved her proposed residence and negotiated a final contract with the landlord for the housing assistance payments (HAP). However, before Glendale signed the contract, a dispute arose between the Glendale and HACLA regarding which agency would be responsible for the payment of Plaintiff's rent.

MINUTES FORM 11
CIVIL--GEN            -1-           Initials of Courtroom Deputy Clerk _____

Under federal law, when a tenant transfers the voucher to a new PHA, the receiving PHA (Glendale) has the option of billing the original PHA (HACLA) for the rent and costs of administration, or of absorbing the voucher holder into its own program and bearing the costs out of its HUD allotment. Under that program, Glendale had received a number of transfers from Los Angeles residents and had been billing the costs of these transfers to HACLA. At the time Glendale was about to sign the contract with Plaintiff's landlord, HACLA rejected approximately 99 billing requests submitted by Glendale for payment on transferred vouchers. Because Glendale assumed that HACLA would reject any bills submitted for Plaintiff's rent payments, it refused to sign the contract and complete processing of her voucher. Thus, Plaintiff has an apartment but no means of paying the rent. Glendale won't pay because it believes it won't be reimbursed; HACLA won't pay because Plaintiff lives in Glendale.

Caught in the middle of this battle of bureaucrats, Plaintiff now sues to enforce her rights under federal law by bringing suit under 42 U.S.C. § 1983. The First Claim for relief alleges a violation of 42 U.S.C. § 1437, 28 C.F.R. § 982.355 and various guidebooks and Administrative Plans. The Court concludes that the undisputed facts establish that Plaintiff is entitled to relief on this claim, as to which the motion is **GRANTED.** The remainder of the motion is **DENIED.**

## B. DISCUSSION

42 U.S.C. § 1437f is the general statute authorizing low-income housing assistance. Subsection (r) of that statute authorizes portability and places the responsibility for the program participant on the receiving PHA stating in relevant part that "[t]he public housing agency having authority with respect to the dwelling unit to which a family moves under this subsection **shall have the responsibility** of carrying out the provisions of this subsection with respect to the family." 42 U.S.C. § 1437f(r)(2) (emphasis added). Under HUD's portability regulations, the receiving PHA is required either to bill the initial PHA for the rent and costs of administering the voucher or to absorb/accept the voucher holder into its own program for which it would bear the costs out of its own HUD allotment. 24 C.F.R. § 982.355(c)(5). The receiving PHA is required to "**promptly** inform the initial PHA" of its choice. 24 C.F.R. § 982.355(c)(5) (emphasis added).[1] Further, the regulations provide that "the receiving PHA **must** provide assistance for the family. Receiving PHA procedures and preferences for selection among eligible applicants do not apply, and the receiving PHA waiting list is not used." 24 C.F.R. § 982.355(c)(10) (emphasis added).

Here Plaintiff had met every request of the Glendale PHA and fulfilled all requirements of the program. Plaintiff requested and was allowed to port her HACLA voucher to Glendale on May 27, 2003. (Avanesova Decl. ¶ 3). That same day, May 27, 2003, she also submitted her Request for Tenancy Approval on the Glendale residence. (Id. ¶ 6). On June 4, 2003, Plaintiff's file was received by Glendale. (Glendale Statement of Genuine Issues ("SGI") ¶ 6). Glendale then re-certified Plaintiff's program eligibility and performed two housing inspections on Plaintiff's proposed residence, before it ultimately passed on August 21, 2003. (Siegler Decl. ¶ 8). On or about October 28, 2003, Glendale negotiated the final rent with the landlord and prepared to execute the HAP contract. (Id.). It is undisputed that Glendale never executed this contract nor has it paid any section 8 assistance payments on behalf of Plaintiff to date. (Avanesova Decl. ¶ 21). Therefore, it is clear that Glendale did not bill or absorb Plaintiff, not because of any action by Plaintiff but because of its dispute with HACLA. Whatever the merits of that dispute, Glendale's obligation to Plaintiff is clear. Glendale bore primary

---

[1] The full text of the subsection reads, "[w]hen the portable family requests assistance from the receiving PHA, the receiving PHA must promptly inform the initial PHA whether the receiving PHA will bill the initial PHA for assistance on behalf of the portable family, or will absorb the family into its own program." 24 C.F.R. § 982.355(c)(5).

responsibility for carrying out the provisions of the Act applicable with respect to Plaintiff.  42 U.S.C. § 1437f(r)(2).  Accordingly, the motion for summary judgment is **GRANTED.**  Glendale is **ORDERED** to execute the HAP and to take financial responsibility for Plaintiff's tenancy.  Glendale's compliance with this Court's order is without prejudice to Glendale's right to pursue its claim that HACLA should reimburse Glendale under applicable regulations.

The foregoing disposes of the Seventh Claim for Relief as well.  In that claim, Plaintiff contends that she was deprived of her rights under federal law without procedural due process.  Glendale contends that, since it never made a decision to deny assistance to Plaintiff (because its obligation was extinguished by HACLA's termination of her voucher), it had no obligation to conduct a hearing.  However, the Court has concluded that she did have substantial rights under the statute, that Glendale was obligated to provide her with benefits under the statute and that Glendale refused to do so without conducting an appropriate hearing.  Accordingly, the motion is **GRANTED** as to this claim.

The motion is **DENIED** as to the remaining claim against Glendale.  As to the additional claims against Glendale, Plaintiff alleges in her Third Claim for Relief that Glendale failed to follow its administrative plan.  However, no federal statute or regulation mandates the creation of a plan that purportedly contains the requirements identified by Plaintiff (a 6-month billing requirement), and therefore no evidence has been presented to show that Glendale violated its own plan.

The motion is **DENIED** as to HACLA since the Court has determined that Avensova's claim is against Glendale.

IT IS SO ORDERED.